Filed 4/25/23 Wagner v. Wagner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| JENNIFER WAGNER, | |
| Plaintiff and Appellant, | C096753 |
| v. | (Super. Ct. No. 189454) |
| KEVIN WAGNER, | |
| Defendant and Respondent. | |

Jennifer Wagner (mother) appeals from a family court order increasing the parenting time for Kevin Wagner (father) with the minor children. The increase in parenting time amounted to a change in physical custody, giving mother and father joint physical custody where mother previously had sole physical custody.

Mother contends the family court modified a final custody order without finding changed circumstances, and changed physical custody of the children without notice. Finding no error, we will affirm the family court order.

1

BACKGROUND

In November 2018, the family court issued an order that, among other things, awarded mother sole physical custody and the parties joint legal custody of their children. Among other things, the family court ordered father to complete parenting classes and an anger management course before filing a motion for modification. The family court enjoined both parents from inflicting physical discipline on the children.

After father completed the required courses, he filed a motion to modify the custody order. On October 1, 2019, the family court found father demonstrated a significant change in circumstances and increased his parenting time pursuant to the best interests of the children. Mother's counsel prepared an order after hearing and filed it on December 3, 2019.

On December 23, 2019, after one of the children reported that father spanked her, the family court issued a temporary order suspending father's overnights. The family court set the matter for further hearing on January 17, 2020. A subsequent June 11, 2020 judgment of dissolution awarded mother sole physical custody of the children, with joint legal custody to father and mother. The judgment provided that the operative custody order and parenting schedule was a January 17, 2020 interim order that was subject to modification after further hearing.

On December 1, 2020, Dr. Robert L. Suiter, Ph.D., Psy.D., issued his Evidence Code section 730 report and custody evaluation (the custody evaluation), following a psychological assessment of the parties and their children.

On February 8, 2021, the parties appeared before the family court on mother's motion to modify custody and visitation. After the hearing, mother continued to have sole physical custody of the children and the parties continued to share joint legal custody. The family court outlined a parenting schedule for father and permitted father to have assistance from family members during his parenting time. There continued to be

2

no overnight parenting time for father. The Findings and Order After Hearing following the February 8, 2021 hearing was not filed until September 30, 2021.

On April 6, 2021, the family court issued another ruling on custody and parenting time based on interim orders. It referred the parties to child custody recommended counseling (CCRC) and set a return from CCRC hearing for November 22, 2021. (Super. Ct. Shasta County, Local Rules, rule 14.01(A) [CCRC counselors are authorized to render a recommendation to the court on custody or parenting time/visitation].) In the interim, the parenting schedule would remain status quo and mother would have sole physical custody.

On July 26, 2021, mother filed a request for various orders. The hearing on mother's request was set for August 30, 2021. Father said he did not consent to any of the requested orders.

Following a two-day hearing in January 2022, the family court issued a statement of intended decision indicating an intent to grant father overnights and both parents vacation time. Mother objected and the family court issued a revised statement of intended decision on May 16, 2022, that still increased father's parenting time. Mother objected again.

An amended order after hearing was filed on July 25, 2022. The amended order reflected the family court's statement of intended decision, including an order that the parties would now share joint legal and physical custody of their children. Mother appeals from that order.

## DISCUSSION

Mother contends the family court modified a final custody order without finding changed circumstances, and changed physical custody of the children without notice.

In dissolution proceedings, the term "sole physical custody" is used when the parties' child (or children) lives with and is "under the supervision of one parent, subject to the power of the court to order visitation." (Fam. Code, § 3007.) The term "joint

3

physical custody" is used when "each of the parents . . . have significant periods of physical custody" of their child (or children). (Fam. Code, § 3004.) A change in the parenting schedule can be significant enough that it amounts to a change in physical custody. (See *In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1079)

In order to modify a temporary custody order, including a parenting schedule, the family court need only determine whether the order is in the best interests of the child. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256.) To modify a final custody order, however, the family court must first find changed circumstances that warrant modification of an order already found to be in the child's best interest. (*Ibid.*)

Here a final custody order was issued in October 2019. That order, however, was superseded on December 23, 2019, by a temporary custody order. The December 23, 2019 order was revisited in January 2020, and the family court ordered the parties to participate in a child custody evaluation. Several more motions were filed, more hearings were held, and more temporary orders were issued. By the time the parties appeared before the family court in January 2022, the trial court said it "must start" with the April 6, 2021 order.

The April 6, 2021 order affirmed the then-existing temporary parenting schedule, ordered the parties to CCRC, and continued the matter to a future date when the parties completed CCRC. Such an order was, on its face, not final. Because the April 2021 order was not a final order, the family court was not required to find changed circumstances in order to modify the parenting schedule, even if that modification amounted to a change in physical custody. (See *In re Marriage of Lucio, supra*, 161 Cal.App.4th at p. 1079 [courts cannot modify a final custody order by changing the parenting schedule to create a de facto change in physical custody without a showing of changed circumstances].)

The order filed on September 30, 2021, does not alter our conclusion. That order reflected the court's findings and orders from the February 8, 2021 hearing, orders issued

4

prior to April 6, 2021. In any event, the September 30, 2021 order is not final either because it too contemplates a further hearing on custody following the parties' participation in CCRC. Accordingly, we find no error.

Mother's claim that the family court changed physical custody of the children without notice, and on its own motion, is also unavailing. Beginning on December 23, 2019, the issue of custody and the parenting schedule became the subject of numerous motions and hearings. Numerous temporary orders modifying the parenting plan were issued, the parties participated in a custody evaluation, and the parties were sent to CCRC for recommendations on custody and the parenting schedule. When the parties appeared before the family court in January 2022, it was on cross-motions to modify custody and the parenting schedule. It was their first hearing after CCRC. Mother has not established the order was issued without notice.

## DISPOSITION

The orders of the family court are affirmed. Father is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____/S/_____
MAURO, Acting P. J.


We concur:



\_\_\_\_\_/S/_____
DUARTE, J.



\_\_\_\_\_/S/_____
BOULWARE EURIE, J.

5